

# NUMBER 13-26-00505-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JUAN ANTONIO ADAME

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron
Memorandum Opinion by Chief Justice Tijerina[1]**

Relator Juan Antonio Adame filed a pro se petition for writ of mandamus seeking to compel the trial court to comply with the Texas Rules of Civil Procedure and vacate an order denying reinstatement of the underlying case. *See* TEX. R. CIV. P. 165a(3) (governing the procedure for reinstatement following dismissal for want of prosecution), 306a(5) (governing the procedural requirements to establish late notice of judgment).

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Relator further filed an emergency motion for temporary stay seeking to preserve the status quo pending the resolution of this original proceeding. *See* TEX. R. APP. P. 52.10.

A writ of mandamus is an extraordinary remedy that is available when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy by appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The relator bears the burden to establish the right to relief in an original proceeding. *See In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840–44. That burden includes, *inter alia*, providing a clear and concise argument for the contentions made with appropriate citations to authorities and to the appendix or record. *See* TEX. R. APP. P. 52.3, 52.7; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus, relator's supplemental briefing, and relator's failure to provide an appendix or record in support of his contentions, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus and the emergency motion for temporary stay.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
2nd day of July, 2026.

2